IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVE FORD | § | |
| v. | § | CIVIL ACTION NO. 6:11-CV-451 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. In his objections, Plaintiff primarily attacks the Magistrate Judge's finding that the ALJ properly discounted the opinion of treating physician Dr. Murphy. He takes issue with the finding that Dr. Murphy incorrectly stated that Plaintiff was drug-free and compliant with his medications. Plaintiff argues that other progress notes by Dr. Murphy in the transcript demonstrate that he knew Plaintiff was not drug-free or compliant with medications. However, the thrust of the finding is that because Dr. Murphy completed the form-based opinion questionnaire and included those opinions at that time, the opinion itself was unreliable. The Court agrees. Plaintiff also takes issue with the finding that Dr. Murphy's own progress notes are inconsistent with his opinion questionnaire, arguing that the cited progress notes identify a depressed mood, anxious affect, psychomotor retardation, slightly slowed speech, and a slightly constricted affect. Objections at 5 (citing Tr. at 538-39, 543-44). That is true; they also identify that at the time of the later examination, Plaintiff was oriented as to person,

place, time and situation; his rapport was appropriate; his appearance also appropriate; his speech normal; his thought content and process coherent; he displayed no hallucinations; his insight and judgment were both good; and he had no gross defects cognitively (Tr. at 538-39, reflecting examination on September 30, 2010); and that Plaintiff showed similar results on the earlier examination except that he displayed loneliness and guilt as part of his thought content and process and his judgment was fair (Tr. at 543-44, reflecting examination on September 2, 2010). It is the ALJ's purview to resolve conflicts in the evidence and a determination that the limitations expressed in Dr. Murphy's opinion questionnaire, *see* Tr. at 473-75, are inconsistent with the longitudinal evidence of record, Tr. at 18, including Dr. Murphy's own records, is entitled to deference. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

Plaintiff also contends that the ALJ's credibility determination was incorrect and faults the Magistrate Judge for making his conclusions based solely on the ALJ's summary of Plaintiff's testimony. *See* Objections at 8 (citing R&R at 15 and Tr. at 16). While the Magistrate Judge quoted the ALJ's summation of Plaintiff's testimony, he also pointed out that the ALJ considered at length "the complete medical evidence of record, including objective medical examination and testing results and opinion evidence, in arriving at his credibility determination." *See* R&R at 16 (citing Tr. at 16-18). Therefore, this objection is misplaced, as is Plaintiff's contention that the ALJ based his credibility decision "entirely on the grounds of his drug and alcohol use." Objections at 8. That contention ignores the remainder of the ALJ's analysis of the record, Tr. at 16-18. Plaintiff returns to his argument that the "ALJ never found Plaintiff's drug or alcohol use material." Objections at 8. However, the Magistrate Judge addressed that issue, noting that 20 C.F.R. §§ 404.1535(a) and 416.935(a) only require such a finding if Plaintiff has been found to be disabled by his mental impairment. In this case, the ALJ explicitly found that Plaintiff was not.

Plaintiff's final argument, that the ALJ relied on flawed vocational expert testimony, is simply a brief restatement of the argument in his original brief and he has raised nothing new.

Having conducted a *de novo* review, this Court finds the Report and Recommendation to be correct.  Therefore, Plaintiff's objections are without merit and will be overruled.  The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**.  It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 22nd day of March, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE